# EXHIBIT A

| | |
|---|---|
| **From:** | CSCMatterManagement@cscinfo.com |
| **Sent:** | Thursday, October 8, 2020 3:11 PM |
| **To:** | Diana Maes; Cecilia Reyes; Wendy.Aguilar@davita.com; Colleen Ludwig; Ryan Sarni; Lisa Barr; Ashley McAteer; Arlinda Trujillo; Kirsten Aiello; Ashley DiGiano; Latrice Johnston; Dale Boland; Davis Culy; Silvia Mobley; Caitlin Moughon; Grace Garcia |
| **Subject:** | New Service of Process - Summons/Complaint - Transmittal: 22132282 |

WARNING: This email originated outside of DaVita. Even if this looks like a DaVita email, it is not.
DO NOT provide your username, password, or any other personal information in response to this or any other email.
DAVITA WILL NEVER ask you for your username or password via email.
DO NOT CLICK links or attachments unless you are positive the content is safe.
IF IN DOUBT about the safety of this message, use the Report Phishing button.

## New Service of Process Added to Matter Notification

*This message is an alert only. Please do not reply to this message.*
*The following new Document(s) have been added to the following matter.*

Alert Date: 10/08/2020

**Assigned Document(s):**

| | |
|---|---|
| **Document ID:** | 31579774 (View/Share the Document) |
| **Document Title :** | Summons/Complaint |
| **Answer Date :** | 30 |
| **Entity as Established :** | DaVita Inc. |
| **Date Served :** | 10/08/2020 |
| **CSC Doc type :** | Summons/Complaint |
| **Court :** | Riverside County Superior Court |
| **State Served :** | California |
| **Document is Time Sensitive :** | |
| **Document is Service Of Process :** | Yes |

**Matter Information:**

10456538

**Matter ID:** 10456538 (Go to Matter Detail Folders)
**Matter Id :**
**Matter Full Name :** Mendoza, Catherine v DaVita Inc. (Lit)
**Jurisdiction :** California
**Court :** Riverside County Superior Court
**Cause # :** RIC 2003132
**Nature of Case :** Labor / Employment
**Matter Users:**
Lisa Barr
Caitlin Moughon
Cecilia Reyes
Dale Boland
Kirsten Aiello

1

Colleen Ludwig
Ashley Anne DiGiano
Ryan Sarni
Wendy Aguilar
Ashley McAteer
Latrice Johnston
Diana Maes
Grace Garcia
Arlinda Trujillo
Davis Culy
Silvia Mobley



Please visit www.cscglobal.com for more information on CSC's Litigation and Matter Management services.

**251 Little Falls Drive | Wilmington, DE 19808**
**(800) 490-9035  |  MMSupport@cscglobal.com**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DAVITA INC., a corporation. and DOES 1-25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CATHERINE MENDOZA

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

AUG 0 6 2020

S. Acosta

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Superior Court, County of Riverside<br>4050 Main Street, Riverside, CA 92501 | CASE NUMBER:<br>*(Número del Caso):*<br>RIC 2003132 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jack Perko, SBN 164529, 26895 Aliso Creek Road, Suite B66, Aliso Viejo, CA 92656 (949) 390-4442

| DATE:<br>*(Fecha)* AUG 0 6 2020 | Clerk, by<br>*(Secretario)* S. Acosta | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* DAVITA INC. A CORPORATION

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

American LegalNet, Inc.
www.FormsWorkflow.com

REC'D AUG 0 6 2020



SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

AUG 0 6 2020

S. Acosta

AUG 1 4 2020

1  Jack Perko, SBN 164529
**LAW OFFICES OF JACK PERKO**
2  26895 Aliso Creek Road, Suite B66
Aliso Viejo, CA 92656
3  Phone (949) 390-4442
Fax (949) 916-1039
4  Email: *jack@jackperkolaw.com*

5
6  Attorney for PLAINTIFF

7           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                  **FOR THE COUNTY OF RIVERSIDE**

9

10  CATHERINE MENDOZA                    Case No. **RIC 2 0 0 3 1 3 2**

11                  PLAINTIFF,            **COMPLAINT FOR EMPLOYMENT**
12                                        **DISCRIMINATION BASED ON:**
           vs.
13                                        1.  DISABILITY DISCRIMINATION IN
14  DAVITA INC. a corporation. and           VIOLATION OF FEHA
DOES 1-25, inclusive,                 2.  FAILURE TO ACCOMMODATE IN
15                                           VIOLATION OF FEHA
           DEFENDANTSs.               3.  FAILURE TO ENGAGE IN THE
16                                           INTERACTIVE PROCESS
17                                        4.  RETALIATION IN  VIOLATION
                                            OF FEHA
18                                        5.  WRONGFUL DISCHARGE BASED ON
19                                           VIOLATION OF PUBLIC POLICY

20                                            [JURY TRIAL REQUESTED]
21
22      PLAINTIFF alleges as follows:

23                  **PARTIES AND JURISDICTION**

24      1.  CATHERINE MENDOZA ("hereinafter PLAINTIFF") is a competent adult
25  residing in Riverside County.

26      2.  Defendant, DAVITA INC (hereinafter "DEFENDANTS") is a corporation
27  doing business in this judicial district.

28      3.  The Fair Employment and Housing Act ("FEHA"), codified in

---

- 1 -
COMPLAINT FOR EMPLOYMENT DISCRIMINATION

Government Code § 12900 et seq. makes it unlawful for an employer to discriminate against an employee who is a member of a protected class.

4.     PLAINTIFF is a member of a protected class entitled to the protections of the Fair Employment and Housing Act.

5.     At all relevant times, DEFENDANTS were an "employer" as defined by Govt. Code § 12926(d), and was barred from discriminating and retaliating in employment decisions based upon an employee's physical disability, mental disability, race, sex and age, and other classifications.

6.     On information and belief, the employment actions subject of this action were taken by managerial employees residing in San Diego County.

7.     Venue is proper in this Court because DEFENDANTS do substantial business in Riverside County, where the relevant acts occurred, and because it employed PLAINTIFF in this county.

8.     PLAINTIFF is ignorant of the true names and a capacity of the DEFENDANTS sued herein as DOES 1 - 25, inclusive, and therefore sues these DEFENDANTS by such fictitious names.  PLAINTIFF will amend this complaint to allege their true names and capacities when ascertained.  PLAINTIFF is further informed and believes and thereon alleges that at all times relevant hereto, DEFENDANTS, their agents, their employees, and DOES 1 - 25 inclusive, in doing the things hereinafter alleged, were acting within the course and scope of such agency and employment. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named DEFENDANTS are responsible in some manner for the occurrences alleged herein and that PLAINTIFF'S damages alleged herein were proximately caused by these DEFENDANTS.   To the extent that said conduct and omissions were perpetrated by DEFENDANTS and their agents, the DEFENDANTS confirmed and ratified said conduct and omissions.

## FACTUAL ALLEGATIONS

9.     PLAINTIFF started working for DEFENDANT in 2010.  She worked as a

1  Registered Nurse for approximately 4 years and then worked with DaVita A.C.E. Acute
2  as a level III Registered Nurse. PLAINTIFF'S position required her to go to different
3  hospitals and medical centers and perform hemodialysis on patients.

4      10.    During her employment, PLAINTIFF performed her duties satisfactorily,
5  met the requirements for yearly re-certifications, and received positive evaluations and
6  raises.

7      11.    On April 20, 2017, PLAINTIFF was injured when she walked into The
8  Inland Valley Medical Center to prepare a dialysis machine weighing 280 lbs. She was
9  pushing machine into ICU, it made a noise, wobbled and tipped toward her and she
10  found that a left rear wheel had gone, so it pushed her back. To avoid the machine
11  falling into the patient's room, she pushed it back, but it fell back towards her and she
12  leaned it against a wall and heard a pop in her back. She had injured her back, heard a
13  pop and her back froze.

14      12.    PLAINTIFF took four days off and then her physician returned her to
15  work with restrictions of no lifting more than 15 to 20 lbs.

16      13.    DEFENDANTS did not engage in a good faith interactive process to find
17  her a job within her medical restrictions and PLAINTIFF was put on leave.

18      14.    In August of 2017, PLAINTIFF was told by DEFENDANTS to go back to
19  her regular job. She tried to work for 3-4 days, but was unable to do so. PLAINTIFF
20  was again put on leave and DEFENDANTS failed to engage in a good faith interactive
21  process.

22      15.    On June 26, 2018, PLAINTIFF was given permanent restrictions of semi-
23  sedentary work and no heavy gripping or grasping with the right hand and no lifting
24  with the right upper extremity greater than 25 pounds on an occasional basis only, and
25  no repetitive lifting greater than 10 pounds with the right upper extremity. PLAINTIFF
26  continued to be put on leave and DEFENDANTS failed to engage in a good faith
27  interactive process.

28      16.    In October of 2018, the DEFENDANTS called and sent PLAINTIFF a

1  letter.  They said they wanted to find PLAINTIIFF, but were unable to do so.  In turn

2  DEFENDANT'S gave PLAINTIFF 60 days to find work.   PLAINTIFF informed

3  DEFENDANTS that the job of Case Manager and Peratinial Dialysis were available, as

4  well as other jobs that were available that PLAINTIFF could perform within her

5  medical restrictions.  DEFENDANTS declined to even consider PLAINTIFF for any of

6  those jobs.

7        17.    PLAINTIFF'S injuries constituted a disability, because they limited her

8  ability to engage in major life activities, including working.

9        18.    DEFENDANTS did not initiate an interactive process to determine if

10  PLAINTIFF'S permanent restrictions could be accommodated.    PLAINTIFF could

11  have performed the essential functions of her regular job with various

12  accommodations.   If modifying her job was not feasible, DEFENDANTS could have

13  given PLAINTIFF another job that was available and that she was qualified to perform.

14        19.    Upon information and belief, there were many jobs the DEFENDANTS

15  had available that were within PLAINTIFF'S medical restrictions that were available

16  and that she was qualified to perform, including the jobs of Case Manager and

17  Peratinial dialysis.

18        20.    In January of 2019, Instead of providing reasonable accommodations,

19  DEFENDANTS terminated PLAINTIFF'S employment.

20        21.    DEFENDANTS terminated PLAINTIFF'S employment because they did

21  not want to make an accommodation for her disability.

22        22.    PLAINTIFF was discriminated against and ultimately terminated, for

23  having a physical disability in violation of California law.

24        23.    On August 9, 2019, within one year of the last discriminatory action,

25  PLAINTIFF satisfied the requirements of Govt. Code § 12960, by filing a non-

26  investigatory complaint with the DFEH, which  issued the immediate Right to Sue

27  Notice attached hereto as **Exhibit "1"**.

28  ///

**FIRST CAUSE OF ACTION**

**DISABILITY DISCRIMINATION IN VIOLATION OF FEHA**

**(Against DEFENDANTS and DOES 1 - 25, inclusive)**

24.     PLAINTIFF incorporates all previous paragraphs of this Complaint as though fully set forth herein.

25.     The Fair Employment and Housing Act make it unlawful for an employer to discriminate against an employee on the basis of the employee's disability or perceived disability.

26.     DEFENDANTS engaged in unlawful employment practices in violation of the FEHA by terminating PLAINTIFF on the basis of PLAINTIFF'S disability or perceived disability, by failing to engage in an interactive process in good faith to determine if PLAINTIFF could be given a reasonable accommodation and by failing to provide PLAINTIFF with reasonable accommodations.     These acts constituted unlawful discrimination on account of PLAINTIFF'S disability or disability as it was perceived by DEFENDANTS.

27.     On information and belief, PLAINTIFF'S physical disability or perceived disability was a motivating factor in DEFENDANTS's decision to terminate her employment and its other acts of discrimination.

28.     As a direct and proximate result of DEFENDANT'S wrongful conduct, PLAINTIFF sustained damages for lost back pay and lost front pay, the value of other employment benefits, medical expenses and other special damages according to proof.

29.     As a further proximate result of said conduct, PLAINTIFF has suffered humiliation, emotional distress, mental pain and anguish, and is entitled to an award of general damages according to proof.

30.     PLAINTIFF retained counsel to bring this action and is entitled to an award of attorney's fees under Govt. Code § 12965(b) according to proof.

31.     The aforementioned acts taken toward PLAINTIFF were authorized and ratified by DEFENDANT'S officers, directors, managerial and supervisory employees

1  who participated in the unlawful conduct as alleged above or who failed to take
2  remedial measures after becoming aware of said unlawful acts. The aforementioned
3  acts of DEFENDANTS were willful, oppressive, malicious, fraudulent and were done in
4  conscious disregard of the rights of PLAINTIFF, in that DEFENDANT'S decision to
5  terminate PLAINTIFF'S employment based on PLAINTIFF'S disability or disability as
6  it was perceived by DEFENDANTS, was done with intent to injure PLAINTIFF and with
7  the intent to prevent the exercise of PLAINTIFF'S statutory rights and obligations.
8  PLAINTIFF is therefore entitled to punitive damages according to proof.

9                          **SECOND CAUSE OF ACTION**
10        **FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA**
11              **(Against DEFENDANTS and DOES 1 - 25, inclusive)**

12        32.    PLAINTIFF incorporates all previous paragraphs of this Complaint as
13  though fully set forth herein.

14        33.    At all times herein, PLAINTIFF was willing and able to perform the duties
15  and functions of the position in which PLAINTIFF was employed and or trained or
16  could have performed the duties and functions of that position with reasonable
17  accommodations.

18        34.    At no time would the performance of the functions of the employment
19  position, with a reasonable accommodation for PLAINTIFF'S disability or
20  PLAINTIFF'S disability as it was perceived by DEFENDANTS, have been a danger to
21  PLAINTIFF or any other person's health or safety. Accommodation of PLAINTIFF'S
22  disability or disability as it was perceived by DEFENDANTS would not have imposed an
23  undue hardship on DEFENDANTS.

24        35.    DEFENDANTS    failed    to    provide    reasonable    and    effective
25  accommodations to PLAINTIFF in violation of the California Fair Employment and
26  Housing.

27        36.    As a direct and proximate result of DEFENDANTS's wrongful conduct,
28  PLAINTIFF sustained damages for lost back pay and lost front pay, the value of other

1    employment benefits, medical expenses and other special damages according to proof.

2    37.    As a further proximate result of said conduct, PLAINTIFF has suffered

3    humiliation, emotional distress, and mental pain and anguish, and is entitled to an

4    award of general damages according to proof.

5    38.    PLAINTIFF retained counsel to bring this action and is entitled to an

6    award of attorney's fees under Govt. Code  § 12965(b) according to proof.

7    39.    The aforementioned acts taken toward PLAINTIFF were authorized and

8    ratified by DEFENDANT'S officers, directors, managerial and supervisory employees

9    who participated in the unlawful conduct as alleged above or who failed to take

10   remedial measures after becoming aware of said unlawful acts. The aforementioned

11   acts of DEFENDANTS were willful, oppressive, malicious and fraudulent, and were

12   done in conscious disregard of the rights of PLAINTIFF, in that DEFENDANT'S failure

13   to accommodate PLAINTIFF was done with intent to injure PLAINTIFF and with the

14   intent to prevent the exercise of PLAINTIFF'S statutory rights and obligations.

15   PLAINTIFF is therefore entitled to punitive damages according to proof.

16                              **THIRD CAUSE OF ACTION**

17              **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

18                   **(Against DEFENDANTS and DOES 1 - 25, inclusive)**

19   40.    PLAINTIFF incorporates all previous paragraphs of this Complaint as

20   though fully set forth herein

21   41.    Government Code, Section 12940(n), makes it illegal for an employer "to

22   fail to engage in a timely, good faith, interactive process ("IAP") with the employee . . .

23   to determine effective reasonable accommodations, if any, in response to a request for

24   ...reasonable accommodation by an employee ... with a known physical . . . disability...".

25   42.    The California Code of Regulations  requires an employer to initiate an

26   interactive process ("IAP") on becoming aware of an employee's potential need for

27   accommodations in three different situations.  *2 CCR § 11069 (b)* states:  "An employer

28   or other covered entity *shall* initiate an interactive process when:

(1) an applicant or employee with a known physical or mental disability or medical condition *requests* reasonable accommodations, or

(2) the employer or other covered entity otherwise *becomes aware* of the need for an accommodation through a third party or by observation, or

(3) the employer or other covered entity becomes aware of the possible need for an accommodation because the employee with a disability has exhausted leave under the California Workers' Compensation Act, for the employee's own serious health condition under the CFRA and/or the FMLA, or other federal, state, employer or other covered entity leave provisions and yet the employee or the employee's health care provider indicates that further accommodation is still necessary for recuperative leave or other accommodation for the employee to perform the essential functions of the job."

43.   DEFENDANTS knew that PLAINTIFF sustained injuries that affected her ability to work and had been released to work with restrictions requiring accommodations.

44.   DEFENDANTS were required to initiate an interactive process, but failed to initiate or engage is a timely, good faith, interactive process with PLAINTIFF to determine effective reasonable accommodations for her known disabilities.

45.   As a direct and proximate result of DEFENDANT'S wrongful conduct, PLAINTIFF sustained damages for lost back pay and lost front pay, the value of other employment benefits, medical expenses and other special damages according to proof.

46.   As a further proximate result of said conduct, PLAINTIFF has suffered humiliation, emotional distress, and mental pain and anguish, and is entitled to an award of general damages according to proof.

47.   PLAINTIFF retained counsel to bring this action and is entitled to an award of attorney's fees under Govt. Code  § 12965(b) according to proof.

48.   The aforementioned acts taken toward PLAINTIFF were authorized and ratified by DEFENDANT'S officers, directors and managerial and supervisory employees who participated in the unlawful conduct as alleged above or who failed to take remedial measures after becoming aware of said unlawful acts. The

1  aforementioned acts of DEFENDANTS were willful, oppressive, malicious and
2  fraudulent, and were done in conscious disregard of the rights of PLAINTIFF, in that
3  DEFENDANT'S failure to accommodate PLAINTIFF was done with intent to injure
4  PLAINTIFF and with the intent to prevent the exercise of PLAINTIFF'S statutory rights
5  and obligations. PLAINTIFF is therefore entitled to punitive damages in an amount
6  which will be proved at the time of trial.

### FOURTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF FEHA
### (Against DEFENDANTS and DOES 1 - 25, inclusive)

10   49.   PLAINTIFF incorporates all previous paragraphs of this Complaint as
11  though fully set forth herein.

12   50.   During PLAINTIFF'S employment, PLAINTIFF engaged in legally
13  protected activities, including requesting reasonable accommodations.

14   51.   DEFENDANTS terminated PLAINTIFF'S employment.

15   52.   On information and belief, PLAINTIFF'S protected activities were
16  motivating factors for its decision to terminate PLAINTIFF'S employment.

17   53.   As a direct and proximate result of DEFENDANT'S retaliation in violation
18  of the Fair Employment and Housing Act, PLAINTIFF has suffered and will continue to
19  suffer actual damages, including lost earnings, medical costs, and employment benefits
20  in a sum to be proven at trial.

21   54.   As a further proximate result of the wrongful conduct of DEFENDANTS,
22  and each of them, PLAINTIFF has suffered humiliation, emotional distress, and mental
23  and physical pain and anguish, all to her damage in an amount according to proof at the
24  time of trial.

25   55.   In bringing this action, PLAINTIFF has been required to retain the
26  services of counsel.  Pursuant to Govt. Code  § 12965(b), PLAINTIFF is entitled to an
27  award of attorney fees according to proof.

28   56.   The aforementioned retaliatory actions taken toward PLAINTIFF were

1   authorized and ratified by DEFENDANT'S officers, directors, managerial and
2   supervisory employees who participated in the unlawful conduct as alleged above or
3   who failed to take remedial measures after becoming aware of said unlawful acts. The
4   aforementioned acts of DEFENDANTS were willful, oppressive, malicious and
5   fraudulent and were done in conscious disregard of the rights of PLAINTIFF, in that
6   DEFENDANT'S actions were based on PLAINTIFF'S disability or disability as it was
7   perceived by DEFENDANTS was done with intent to injure PLAINTIFF and with the
8   intent to prevent the exercise of PLAINTIFF'S statutory rights and obligations.
9   PLAINTIFF is therefore entitled to punitive damages according to proof.

10                          **FIFTH CAUSE OF ACTION**
11                **WRONGFUL TERMINATION OF EMPLOYMENT**
12                    **IN VIOLATION OF PUBLIC POLICY**
13                **(Against DEFENDANTS and DOES 1 - 25, inclusive)**

14          57.    PLAINTIFF incorporates all previous paragraphs of this Complaint as
15   though fully set forth herein.

16          58.    Jurisdiction is invoked in this court pursuant to the public policy and
17   common law of the State of California, and court decisions such as Tameny v. Atlantic
18   Richfield Company (1980) 27 Cal. 3d 167, Rojo v. Kliger (1990) 52 Cal. 3d 65, and
19   Turner v. Anheuser-Busch, Inc. (1994) 7 Cal.4th 1238.

20          59.    DEFENDANTS illegally terminated PLAINTIFF in part because of
21   PLAINTIFF'S disabilities or perceived disabilities and because   she    requested   an
22   accommodation.

23          60.    DEFENDANT'S actions were illegal and against one or more fundamental
24   public policies of the State of California, including the Fair Employment and Housing
25   Act, which prohibits discrimination because of a disability, the Constitution of the State
26   of California and Labor Code §132(a) which provide "that there should not be
27   discrimination against workers who are injured in the course of their employment".

28          61.    As a direct and proximate result of DEFENDANT'S wrongful conduct,

1    PLAINTIFF sustained damages for lost back pay and lost front pay, the value of other

2    employment benefits, medical expenses and other special damages according to proof.

3          62.    As a further proximate result of said conduct, PLAINTIFF has suffered

4    humiliation, emotional distress, and mental pain and anguish, and is entitled to an

5    award of general damages according to proof.

6          63.    The aforementioned acts taken toward PLAINTIFF were taken,

7    authorized or ratified by DEFENDANT'S officers, directors, managerial and supervisory

8    employees who participated in the unlawful conduct as alleged above or who failed to

9    take remedial measures after becoming aware of said unlawful acts. The

10   aforementioned acts of DEFENDANTS were willful, oppressive, malicious and

11   fraudulent, and were done in conscious disregard of the rights of PLAINTIFF, in that

12   DEFENDANT'S decision to terminate PLAINTIFF'S employment based on

13   PLAINTIFF'S disability or disability as it was perceived by DEFENDANTS was done

14   with intent to injure PLAINTIFF and with the intent to prevent the exercise of

15   PLAINTIFF'S statutory rights and obligations. PLAINTIFF is entitled to punitive

16   damages according to proof.

17                                    **PRAYER**

18         Wherefore, PLAINTIFF prays for judgment as follows:

19         1.    For economic damages for lost back and front pay, the value of

20   employment benefits and other types of compensation, and other special damages

21   according to proof;

22         2.    For general damages for mental pain, anguish, and emotional distress,

23   according to proof;

24         3.    For attorney's fees under Gov't. Code § 12965(b) on all causes of action

25   based on the California Fair Employment and Housing Act;

26         4.    For costs including prejudgment interest and expert witness fees as may

27   be allowed pursuant to Code of Civil Procedure § 998;

28         5.    For punitive damages;

6.  For costs of suit herein incurred; and

7.  For such other and further relief that is just and proper.

### DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands trial of all claims by jury to the extent authorized by law.  The amount demanded exceeds $25,000 (Government Code § 72055).

Dated:  August 5, 2020

**LAW OFFICES OF JACK PERKO**

_____

Jack Perko
Attorney for PLAINTIFF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "1"**

**(Right to Sue)**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

August 9, 2019

Jack Perko
26895 Aliso Creek Road Suite B66
Aliso Viejo, California 92656

RE:  **Notice to Complainant's Attorney**
       DFEH Matter Number: 201907-06942023
       Right to Sue: Mendoza / DaVita Inc. et al.

Dear Jack Perko:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                         GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                         KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

August 9, 2019

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 201907-06942023
      Right to Sue: Mendoza / DaVita Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

August 9, 2019

Katherine Mendoza
25999 Fresca Dr.
Moreno Valley, California 92553

RE:  **Notice of Case Closure and Right to Sue**
     DFEH Matter Number: 201907-06942023
     Right to Sue: Mendoza / DaVita Inc. et al.

Dear Katherine Mendoza,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective August
9, 2019 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Katherine Mendoza                                    DFEH No. 201907-06942023

                          Complainant,

vs.

DaVita Inc.
22555 Alessandro Blvd Bldg 5
Moreno Valley, California 92553-8533

DaVita Inc.
2000 16TH STREET
DENVER, Colorado 80202

DaVita Inc.
601 HAWAII STREET
EL SEGUNDO, California 90245

                          Respondents

1. Respondent **DaVita Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Katherine Mendoza**, resides in the City of **Moreno Valley** State of **California.**

3. Complainant alleges that on or about **January 30, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), age (40 and over).

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), age (40 and over) and as a result of the discrimination was terminated, laid off,

-1-
*Complaint – DFEH No. 201907-06942023*

Date Filed: August 9, 2019

1   denied any employment benefit or privilege, denied reasonable accommodation for a
2   disability, denied family care or medical leave (cfra) (employers of 50 or more people).

3   **Complainant experienced retaliation** because complainant reported or resisted
4   any form of discrimination or harassment, requested or used a disability-related
    accommodation, requested or used leave under the california family rights act or
5   fmla (employers of 50 or more people) and as a result was terminated, laid off,
6   denied any employment benefit or privilege, denied reasonable accommodation for a
    disability, denied family care or medical leave (cfra) (employers of 50 or more
7   people).

8
    **Additional Complaint Details:** DaVita Inc. terminated me in retaliation for claiming
9   an injury and requesting an accommodation.  DaVita Inc. failed to accommodate my
    disability in violation of FEHA.  DaVita Inc., failed to engage in an interactive process
10  to find an accommodation for me with my disability.  DaVita Inc. discriminated
11  against me because of my disability and age in violation of FEHA. DaVita Inc.
    harassed me because of my disability or perceived disability. DaVita Inc. failed to
12  prevent discrimination, harassment and retaliation.

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                         -2-
27                          *Complaint – DFEH No. 201907-06942023*

28  Date Filed: August 9, 2019

1  VERIFICATION

2  I, **Jack Perko**, am the **Attorney** in the above-entitled complaint.   I have read the
3  foregoing complaint and know the contents thereof.   The matters alleged are based
   on information and belief, which I believe to be true.

4
   On August 9, 2019, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                          **Aliso Viejo, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                              -3-
                                *Complaint – DFEH No. 201907-06942023*
28  Date Filed: August 9, 2019